**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARJIT SINGH,

            Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No. 22–1649

Agency No. A088-491-248

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2023**
San Francisco, California

Before: COLLINS, FORREST, and SUNG, Circuit Judges.

    Harjit Singh, a citizen of India, petitions for review of a reissued decision by

the Board of Immigration Appeals ("BIA") upholding an order of an Immigration

Judge ("IJ") denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("Torture Convention"). We

have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"),

8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. To the extent that Singh contends that he established that he experienced past persecution, any such claim is unexhausted. In his counseled brief before the BIA, Singh specifically stated that the IJ's finding that he "did not suffer any past persecution" was "undisputed" by him on appeal. As such, he failed to exhaust any claim that he did suffer past persecution. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (stating that a petitioner will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA"). Although the INA's exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), is not jurisdictional, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023), it is a mandatory rule that we "must enforce" when, as here, it is "properly raise[d]," *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (citation omitted).

In the absence of past persecution, Singh had the burden to establish a well-founded fear of future persecution. *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). "To demonstrate a well-founded fear of future persecution, the alien must establish that her fear is both subjectively genuine and objectively reasonable." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). Here,

2

substantial evidence supports the agency's determination that Singh failed to demonstrate that his fear of future persecution, while subjectively genuine, was objectively reasonable.

The IJ concluded that, although the country conditions evidence did show actions by the Indian government against some Sikhs, particularly "certain Khalistani activists and those suspected of terrorist activities," Singh had failed to show that he personally faced any meaningful risk of such future harm. Singh's claim of a personalized risk rested primarily on the Indian government's persecution of his uncles and other family members, but the IJ found this contention unpersuasive. The IJ noted that Singh had "not resided in India since 2004 and there is no evidence that he has been involved in any activities during the intervening time—such as pro-Khalistani activism or having any contact with his uncles—that would generate police interest in him." The IJ noted Singh's testimony that the Indian police had recently asked Singh's father about Singh's whereabouts, but the IJ nonetheless held that, in light of the other record evidence as a whole, Singh had not shown that he was "at risk of harm in India, or that the police would target him after his 14-year absence on account of his relationship to his uncles." Regardless of whether we would have weighed the evidence differently, the IJ's assessment of the record was reasonable, and we therefore cannot set it aside. *See INS v. Zacarias*, 502 U.S. 478, 481 n.1 (1992). Because a

lack of "sufficient particularized risk" of harm is sufficient to defeat a request for asylum or withholding of removal, *see Hoxha*, 319 F.3d at 1184, we uphold the agency's denial of relief on that basis.

2.  Although the BIA held that Singh's brief in the BIA had failed to "meaningfully challenge" the IJ's rejection of his torture claim, it also held in the alternative that the claim was properly rejected by the IJ on the merits.  The Government argues that the first ruling requires us to find that Singh did not exhaust his torture claim, but that is wrong.  *See Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) ("[If] an alien raises an issue to the IJ, and the BIA 'elect[s] to consider [it] on its substantive merits' despite the procedural default by the alien, the alien is deemed to have exhausted the claim." (quoting *Abebe v. Gonzales*, 432 F. 3d 1037, 1041 (9th Cir. 2005) (en banc))).  Apart from its exhaustion argument, the Government does not otherwise contend that the procedural default noted by the BIA would justify upholding the denial of Singh's torture claim, and we therefore proceed to the merits.  For reasons substantially similar to those discussed above, we conclude that substantial evidence supports the agency's merits-based conclusion that Singh had not shown that he faced a particularized risk of torture if returned to India.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**

4